**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:24-CV-00808-KDB-SCR**

**WFG NATIONAL TITLE INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**NORTHWAY HOMES LLC,**

**Defendant.**

**MEMORANDUM AND ORDER**

The parties to this action have agreed to the terms of this Order Granting Plaintiff's Motion for Reconsideration [Doc. 33] and setting aside judgment entered in favor of the Defendant on its counterclaim for breach of contract [Doc. 28]. It is hereby agreed and stipulated by the parties as follows:

1. On June 30, 2025, this Court entered its Order on the Parties cross motions for judgment on the pleadings which therein granted judgment on the pleadings in favor of Northway, thereby dismissing WFG's claims and granting Northway's counterclaim for breach of contract (the "Rule 12(c) Order"). [Doc. 27].

2. On the same date, the Clerk entered the corresponding judgment in favor of Northway on its counterclaim for breach of contract (the "Judgment"). [Doc. 28]

3. On July 25, 2025, WFG filed its Motion for Reconsideration [Doc. 33] and its supportive brief [Doc. 34] which therein sought reconsideration of the portion of the Court's Rule 12(c) Order that affirmatively granted judgment on the pleadings on Northway's counterclaim, pursuant to

Rules 59(e), 60(b), or alternatively 54(b) of the Federal Rules of Civil Procedure (the "Motion for Reconsideration").

4. The Motion for Reconsideration asserts that affirmative relief granting judgment on the pleadings on Northway's counterclaim was premature, and thus should be set aside, in part, on the grounds that Northway's damages for the alleged breach have yet to be established. Specifically, at all times relevant herein, Northway has been named as a defendant in a state court litigation seeking to quiet title to the real property that is the subject of this action, currently pending in the Mecklenburg County Superior Court, originally captioned James Bardford Humphrey III and Jean Stowe Humphrey v. Northway Homes, LLC et al., File No. 25CV000528-590 (the "Mecklenburg Litigation").

5. WFG contents that the Policy is a contract of indemnity, and that Northway has not yet suffered an actual, compensable loss because the extent of any loss is contingent on the outcome of the Mecklenburg Litigation. WFG asserts that its liability under the Policy cannot be determined until there is a final adjudication in the state court action regarding Northway's title to the property and there has not yet been a final adjudication as to whether Northway was vested with title to the subject real property, and no order ejecting Northway from the property has been entered. WFG further argues that if Northway prevails in the Mecklenburg Litigation and is found to have good title, it may not suffer any loss, and thus, a judgment for breach of contract and damages in this action could result in a double recovery. In its Motion for Reconsideration, WFG asserts that because there has been no final adjudication as to whether Northway was vested with title to the subject real property, and no order ejecting Northway from the property, Northway's damages under the policy of title insurance that is the subject of this action cannot yet be established as the

same is an indemnity contract which permits WFG to defend and/or negotiate adverse claims of title to eliminate and/or reduce Northway's covered losses.

6. Based upon the foregoing circumstances and arguments raised in WFG's Motion for Reconsideration, on August 6, 2025, Northway moved, with the consent of WFG, to stay all proceedings in this matter pending resolution of the Mecklenburg Litigation (the "Motion to Stay"). [Doc. 36]. Northway's Motion to Stay was granted by text-order dated August 8, 2025.

7. Since the entry of the Court's order granting the Motion to Stay, the Parties have reached a mutual settlement to fully resolve all matters pending in this litigation.

8. Consistent with the terms of the Parties' settlement agreement, Northway consents to the relief requested in WFG's Motion for Reconsideration and has filed a stipulation of voluntary dismissal with prejudice of its counterclaim for breach of contract pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

9. That based upon the foregoing settlement, as well as upon the matters asserted in Plaintiff's Motion for Reconsideration [Doc. 33] and its supportive brief [Doc. 34], the Court concludes that for the purposes of resolving this dispute in accordance with the agreement of the Parties that the Plaintiff's Motion for Reconsideration will be granted and that the Rule 12(c) Order [Doc. 27] and corresponding Judgment [Doc. 28] will be set aside to the extent that it granted judgment on the pleadings affirmatively for the Defendant's counterclaim for breach of contract.

Therefore, IT IS ORDERED, pursuant to the agreement of the Parties:

1. That the Parties' Joint Motion for Entry of Consent Order Setting Aside Judgment, as well as the Plaintiff's previously filed Motion for Reconsideration [Doc. 33] are hereby **GRANTED**;

2. That pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, the Court's Rule 12(c) Order entered June 30, 2025 [Doc. 27], and corresponding Judgment [Doc. 28] are hereby set aside to the extent that such orders granted judgment on the pleadings affirmatively for the Defendant's counterclaim for breach of contract;

3. That the Court hereby accepts the parties' Joint Motion for Entry of Consent Order Setting Aside Judgment as a stipulation of voluntary dismissal of the Defendant's Counterclaim for Breach of Contract filed pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure;

4. That the parties shall bear their own costs associated with this motion; and

5.That the Clerk of Court is directed to close this case.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 31, 2026

Kenneth D. Bell
United States District Judge